**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| _____ | |
| ) | **CIVIL ACTION NO.:** |
| **ROBERT LEOPARD,**                ) | |
| **Plaintiff**        ) | |
| ) | |
| **v.**                ) | |
| ) | |
| **UNITED OF OMAHA LIFE**                ) | |
| **INSURANCE COMPANY,**                ) | |
| **Defendant**        ) | |
| _____) | |

## COMPLAINT

The Plaintiff, ROBERT LEOPARD (hereinafter "LEOPARD"), by and through the undersigned counsel, hereby sues Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY (hereinafter "MUTUAL OF OMAHA"), and alleges:

### JURISDICTION, VENUE AND PARTIES

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq. ("ERISA"), and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.. LEOPARD brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan; to enforce his rights under the plan; and to clarify his right to benefits under the terms of the plan.

2.  LEOPARD was at all times relevant a citizen of the United States of America and in all respects sui juris.

3.  United of Omaha Life Insurance Company is a wholly owned subsidiary of Mutual of Omaha Insurance Company and is a for-profit corporation with its principal

1

place of business at 3300 Mutual of Omaha Drive, Omaha Nebraska. MUTUAL OF OMAHA is licensed to do business in Massachusetts and administers and insures the Plan under which Leopard is suing. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, MUTUAL OF OMAHA, is authorized to and is doing business in the Commonwealth of Massachusetts and "may be found" in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4. This case arises out of the purposeful, unwarranted and unlawful denial of LTD benefits to LEOPARD by MUTUAL OF OMAHA.

5. LEOPARD was at all times material an employee of Orange Lake Country Club, Inc. ("Orange Lake").

6. LEOPARD was at all times material a plan participant under the Orange Lake Long-Term Disability Plan, Group Policy No. GUPR-AQPZ (the "LTD Plan"), which is established by Orange Lake and pursuant to which LEOPARD is entitled to benefits. A true copy of the LTD Plan has been attached hereto as **Exhibit "A."**

7. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. MUTUAL OF OMAHA insures benefits under the LTD Plan and was appointed by Orange Lake, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, MUTUAL OF OMAHA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, MUTUAL OF OMAHA is not entitled to a

2

deferential standard of review.

10. MUTUAL OF OMAHA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on LEOPARD's claim.

11. Pursuant to the terms and conditions of the LTD Plan, LEOPARD is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. As it relates to LEOPARD'S claim, the Policy states, in relevant part, as follows:

*Disability* and *Disabled* *mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:*

a) *during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*

b) *after the Elimination Period, You are:*

1. *prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*

2. *unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.*

*After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.*

*Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.*

*Gainful Occupation means an occupation for which You are reasonably fitted by training, education or experience.*

13. Since approximately August 6, 2017, LEOPARD has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, LEOPARD filed a claim with MUTUAL OF OMAHA under the Orange Lake Short-Term Disability ("STD") Plan for disability benefits, which was approved through January 13, 2018, the STD Plan's maximum duration.

15. Thereafter, LEOPARD filed a claim with MUTUAL OF OMAHA under the LTD Plan for continued disability benefits, which MUTUAL OF OMAHA approved through September 12, 2021.

16. MUTUAL OF OMAHA, in a letter dated October 8, 2021, denied LEOPARD's continued claim contending LEOPARD was no longer totally disabled.

17. On May 4, 2022, LEOPARD timely and properly appealed MUTUAL OF OMAHA's adverse determination.

18. By letter dated February 6, 2023, MUTUAL OF OMAHA upheld its denial of LEOPARD's LTD benefits claim beyond September 12, 2021.

19. At all relevant times, LEOPARD complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, LEOPARD has been unable to perform the material duties of his regular occupation.

21. At all relevant times, LEOPARD has been unable to perform the material duties of any gainful occupation for which he is, or may reasonably become qualified for based on education, training, or experience.

22. At all relevant times, LEOPARD has been receiving appropriate care.

23. At all relevant times, LEOPARD was a Covered Person under the LTD Plan.

24. From September 12, 2021, to present, LEOPARD has not received benefits owed to

him under the LTD Plan, despite LEOPARD's right to these benefits.

25. MUTUAL OF OMAHA has refused to pay LEOPARD's LTD benefits since September 12, 2021.

26. At all relevant times, MUTUAL OF OMAHA was the payer of benefits.

27. At all relevant times, MUTUAL OF OMAHA was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, MUTUAL OF OMAHA was appointed by Orange Lake, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, LEOPARD has been and remains "*Disabled*" as defined by the LTD Plan and entitled to LTD benefits from MUTUAL OF OMAHA under the terms of the LTD Plan.

30. LEOPARD has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. LEOPARD incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), LEOPARD, as an eligible participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. LEOPARD has no other adequate remedy at law to address the injuries he has

suffered and will continue to suffer as a result of MUTUAL OF OMAHA's failure to pay his disability benefits.

35. LEOPARD has exhausted all administrative remedies under the LTD Plan.

36. MUTUAL OF OMAHA breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to LEOPARD at a time when MUTUAL OF OMAHA knew, or should have known, that LEOPARD was entitled to those benefits under the terms of the LTD Plan, as LEOPARD was disabled and unable to work and therefore entitled to benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of LEOPARD's claim for LTD benefits;

(c) After LEOPARD's claim was terminated in whole or in part, MUTUAL OF OMAHA failed to adequately describe to LEOPARD any additional material or information necessary for LEOPARD to perfect his claim along with an explanation of why such material is or was necessary;

(d) MUTUAL OF OMAHA failed to properly and adequately comply with the applicable Department of Labor regulations governing ERISA disability claims, investigate the merits of LEOPARD's disability claim and/or conduct a full, fair and thorough review of LEOPARD's claim.

37. LEOPARD believes and thereon alleges that MUTUAL OF OMAHA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which LEOPARD is presently unaware, but which may be discovered in this future litigation and which LEOPARD will immediately make MUTUAL OF OMAHA aware of once said acts or omissions are discovered.

38. Following the termination of benefits under the LTD Plan, LEOPARD exhausted all administrative remedies required under ERISA, and LEOPARD has performed all duties and obligations required to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of MUTUAL OF OMAHA, LEOPARD has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding his claim for benefits, LEOPARD, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LEOPARD is entitled to have such fees and costs paid by MUTUAL OF OMAHA.

41. The wrongful conduct of MUTUAL OF OMAHA has created uncertainty where none should exist; therefore, LEOPARD is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **<u>REQUEST FOR RELIEF</u>**

WHEREFORE, ROBERT LEOPARD prays for relief against UNITED OF OMAHA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: April 5, 2023

DELL DISABILITY LAWYERS
Attorneys for Plaintiff
2625 Weston Road
Weston, FL 33331
Telephone: (954) 620-8300

*S/ Jay P. Symonds*

JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com
GREGORY M. DELL
BBO No: 677565
Email: gdell@diattorney.com